## THE STATE v. TOMLINSON ET AL.

1. **Trespass**: VERDICT IN ACCORD WITH EVIDENCE AND INSTRUCTIONS. Upon examination of the record, (see opinion,) *held* that the claim that the verdict is in conflict with the evidence and the instructions could not be sustained.

*Appeal from Adams District Court*—HON. R. C. HENRY, *Judge.*

THURSDAY, OCTOBER 6.

INFORMATION charging the defendants with the crime of willful trespass. There was a trial by jury; verdict, guilty; judgment; and defendants appeal.

*Brown & Thomas*, for appellants.

*A. J. Baker, Attorney-general,* for the State.

SEEVERS, J.—There was evidence tending to show that Mrs. Wing obtained title to certain real estate under the foreclosure of a mortgage and sheriff's deed. The alleged trespass was committed by the defendants in taking certain corn grown on said real estate. There was evidence tending to show that one Hadley had rented the land of Mrs. Wing, and the defendants took the corn under a mortgage given them by Hadley.

I. It is insisted that the court failed to instruct the jury in relation to the right of the defendants to take the corn if they found Hadley had rented the land before the execution of the sheriff's deed. We think, however, the court, in the eighth paragraph of the charge, did instruct the jury sufficiently in relation to the claim that Hadley had rented the premises.

II. It is not claimed that the charge of the court, or any part of it, is erroneous, but it is insisted that the verdict is in conflict with the seventh and ninth paragraphs of the charge. The seventh paragraph is as follows: "If said

defendants took and carried away said corn in good faith, and honest belief that they had a right to take the same, then    *    *    *    you should acquit." The evidence tended to show that the corn was taken under a mortgage executed by Hadley, but we think the jury were fully authorized to find that the defendants did not believe they had the right to take it.   In other words, the evidence justified the finding that the defendants knew or ought to have known that they had no right to take the corn under the mortgage.

III.   The ninth paragraph of the charge is to the effect that if the jury found that Hadley was a tenant at will of Mrs. Wing, and that if he had bestowed care and labor upon the crops grown on the premises sufficient to make him a tenant at will, then Mrs. Wing could not terminate such tenancy, and claim the crops.   We do not think the verdict is in conflict with this instruction.   It was a controverted question whether Hadley was a tenant of Mrs. Wing's, or whether he had any right to the possession of the land or crops. Upon this question we understand there was serious conflict in the evidence, and the verdict in our judgment cannot be disturbed.

